IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| KEVIN DION JOHNSON )<br>　　Plaintiff, )<br>　　　　　　　　　　　　　　　　 )<br>　　　　v. )<br>　　　　　　　　　　　　　　　　 )<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social Security, )<br>　　Defendant. )<br>_____ ) | Civil No. 3:14cv730 (JAG) |

## REPORT AND RECOMMENDATION

This matter comes before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) on Defendant's Motion to Dismiss for Failure to Prosecute and Memorandum in Support ("Def.'s Mot.") (ECF No. 10). Having reviewed Defendant's submission, and because Plaintiff failed to file a response, it is the Court's recommendation that Defendant's Motion to Dismiss be GRANTED.

On October 29, 2014, Kevin Dion Johnson ("Plaintiff"), proceeding *pro se*, filed his Complaint (ECF No. 3) pursuant to 42 U.S.C. § 405(g) regarding his denial of social security benefits and seeking to proceed with new evidence in support of his position that he is entitled to benefits. (Compl. at 2.) Defendant filed her Answer (ECF No. 9) to Plaintiff's Complaint on December 30, 2014. The Court issued a Scheduling Order (ECF No. 8) setting forth a briefing schedule for the parties to file their motions for summary judgment. The Court's Scheduling Order provided that Plaintiff's Motion for Summary Judgment was due not later than January 29, 2015. (Scheduling Order at 1.) Plaintiff failed to file a motion for summary judgment as of this date.

Defendant maintains that she sent Plaintiff a warning letter dated February 9, 2015, in which Defendant advised Plaintiff of her intent to file a motion to dismiss if Plaintiff did not file his motion for summary judgment. (Def.'s Mot. at 1-2.) Upon Plaintiff failing to file a motion for an extension of time or a motion for summary judgment, Defendant initiated this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b) on February 20, 2015, and provided *pro se* Plaintiff with a notice consistent with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), as required by Local Rule 7(k). (*Roseboro* Notice (ECF No. 11) at 1-2.) Plaintiff was required to respond to Defendant's Motion to Dismiss no later than March 13, 2015, but failed to offer a response. (*Roseboro* Notice at 1.)

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute, . . . , a defendant may move to dismiss the action," and that such a dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). The Court is vested with the power to dismiss an action for failure to prosecute, so that courts can "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). In determining a motion for involuntary dismissal pursuant to Rule 41(b), the Court looks to "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." *Zaczek v. Faquier County*, 764 F. Supp. 1071, 1077 (E.D. Va. 1991). These factors are not rigid and dismissal depends upon the circumstances of the case. *Ballard v. Carlson*, 822 F.2d 93, 95 (4th Cir. 1989).

Here, Plaintiff received adequate notice of the Defendant's Motion to Dismiss and failed to offer a response. Therefore, Plaintiff does not contest Defendant's Motion. Further, Plaintiff

had adequate notice of the deadline for filing a motion for summary judgment and Defendant notified Plaintiff of her intent to move forward with dismissal. The Court knows of no less drastic sanction than dismissal to cure Plaintiff's failure to prosecute. Therefore, the Court finds dismissal of Plaintiff's claim to be appropriate.

For the reason set forth above, it is the recommendation of this Court that Defendant's Motion to Dismiss (ECF No. 10) be GRANTED and Plaintiff's Complaint (ECF No. 3) be DISMISSED with prejudice.

Let the Clerk forward a copy of this Report and Recommendation electronically and forward a copy to the Honorable John A. Gibney, Jr. with notification to all counsel of record.

### NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a de novo review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

                                                /s/
                                        David J. Novak
                                        United States Magistrate Judge

Richmond, Virginia
Date: March 18, 2014